CITY OF DAWSON *v.* WILKINSON.

No. 8317. FEBRUARY 27, 1932.

*R. R. Jones,* for plaintiff in error.
*Henry A. Wilkinson Jr.,* contra.

BECK, P. J. In the year 1919 the City of Dawson issued and sold some $30,000 of paving bonds and $40,000 of water extension and improvement bonds, which were duly validated and sold. These were serial bonds, with interest coupons attached, and were in denominations of $1,000 each, and maturing certain of them annually from 1920 to 1949. In the year 1926 the City of Dawson sold its electric distribution system for $25,000. From the proceeds of this sale the city took $13,000 and repurchased 13 of its paving bonds and water extension and improvement bonds, and held them in its treasury. In 1928 the city resold 9 of these bonds, and in 1931 authorized the resale of the remaining four bonds, maturing in 1932 and 1934. H. A. Wilkinson, as a taxpayer, brought a petition to enjoin the city from selling these four bonds. Upon the hearing a judgment was rendered enjoining the city as prayed, and the city excepted.

The essential grounds upon which injunction is sought against the City of Dawson to prevent the sale of certain bonds in question are set forth in the following paragraph of the petition, to wit: "That said bonds have been fully paid and discharged and are null and void, and that the transfer and sale of same is without authority and ultra vires, so far as the City of Dawson is concerned. Petitioner alleges that he has no adequate remedy at law, and that such a sale would not only be void, but operate as a fraud upon the purchaser and the taxpayers of the City of Dawson, and is unauthorized." We are of the opinion that the court did not err in granting the injunction. When the city came into the possession of $25,000, the proceeds of the sale of the electric distribution system, and of this sum thus arising the city repurchased thirteen of its paving bonds and water extension and improvement bonds, this amounted to a payment of those bonds. These bonds represented a debt of the city; represented obligations that would have to be met by the levy of taxes upon the owners of property in the city; and thus essentially it was an obligation of the taxpayers. And when the money in the treasury, which was the property of the taxpayers, was used for the repurchase of the outstanding paving and water extension and improvement bonds, the effect of this was to cancel the obligation represented by these bonds, the obligation of the taxpayers, which was evidenced by these bonds, and, to the extent of the payment made,

this obligation was canceled; and the fact that the city put these bonds in its treasury did not have the effect of keeping them alive so that they might be reissued and sold to other purchasers, and thus create an obligation that had been canceled. There is nothing in the charter of the city (Acts 1909, p. 731) that would authorize the construction which would give to the city the power which it is now seeking to exercise. Any section of an act which purports to bestow powers like that which the city is here claiming is to be construed strictly; and we find nothing in the charter which in express terms or by implication authorizes the transaction involved in this case. There is nothing in the charter which would expressly authorize the city to make an investment like that even in its own bonds. Power to make such investment would have to be by express legislation.

Having held that the repurchase of these bonds by the city amounted to a payment of them, it follows that the bonds were extinguished and the payment amounted to a cancellation of them; and that the court did not err in granting the injunction against the reissuance of these bonds or the resale of them, as the city had no authority to reissue them.

*Judgment affirmed.  All the Justices concur.*